The Honorable Doug Brandon State Senator 12th and University Little Rock, AR 72204
Dear Senator Brandon:
This is in response to your request for an opinion regarding the advancement of funds to a school district. Specifically, you have asked whether under A.C.A. 26-39-201(b)(2) a school district, prior to final settlement, can receive an advance payment from the ten percent retained in the collector's unapportioned account. You have also asked whether such an amount could be advanced from funds held for collector's commissions. For the following reasons, in my opinion the answer to both of your questions is "no".
The relevant provision, 26-39-201(b)(2), provides:
 (2) Upon a certificate of the county clerk, which shall be issued on or before the thirtieth day of each month, the county treasurer will transfer to the various funds ninety percent (90%) of the advance payments made by the collector during the collecting period and, upon final settlement, the proper adjustments will be made with the various accounts and the balance remaining in the unapportioned account will be distributed upon order of the county court approving the final settlement of the collector.
The section provides for adjustments and distribution UPON FINAL SETTLEMENT. No earlier disbursements of these funds are authorized by this section or any other section. Thus, it may be concluded that the language of 26-39-201 alone precludes an advance payment. Two additional reasons exist, however, in support of the same conclusion.
First, it is important to determine the purpose and need for the retention of the ten percent in order to ascertain the reason why it should not be advanced prior to final settlement. Research discloses at least one use for the funds remaining in the collector's unappropriated account. It appears that these funds are to be made available for advances for salaries and expenses of the assessor. Arkansas Code Annotated 14-15-204(2) provides:
 In order to facilitate the payment of salaries and expenses, the county court may, by order duly entered, authorize and direct the county treasurer to make advance transfers from the collector's unapportioned fund, or the county general fund, to the county assessor's fund, with advances to be repaid at the time of making final settlement of amounts due to the county assessor's fund.
Prior to final settlement, any amount the assessor may require in advance is unknown, and thus an advance to a school district might have the ultimate effect of depleting or rendering unavailable advance funds required to operate the assessor's office. Similarly, prior to final settlement, no taxing entities' share can be ascertained. The advance of funds against an unknown amount could create problems upon final settlement. A school district could, for example, be placed in a position of having to pay back advance funds upon final settlement, funds which it may no longer have.
Second, the idea of advance payments to school districts has been contemplated by the legislature and codified at A.C.A. 6-20-1226. By that provision, the legislature has authorized advanced payments to school districts in only one instance. The statute provides:
 In all districts of the State of Arkansas which have voted a bond issue that calls for the payment of interest and principal prior to the date of settlement by the county treasurer with the district of funds collected under a levy made by the district for the purpose of retiring principal and interest of bond issue, (sic) the county treasurer is authorized to advance to the district prior to the date of settlement and on the date payment is due a sum sufficient for the payment of principal and interest accruing under the bond issue out of the moneys held by him for the district.
It appears, then, that the only authorized advance payment to be made to school districts is for the purpose set out above.
Finally you have asked whether an advance payment could be made to the district from funds representing the collector's commissions. In my opinion the answer to this question is also no, for the reasons set out above, and for the reason that 14-25-111(c) does not appear to contemplate such an advance. This provision is part of the County Accounting Law of 1873 and governs, inter alia, the manner of receipt and disbursement of collectors' commissions. It must be concluded that the "Disbursement Section" under subsection (c) does not envision such an advancement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.